IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES GUTHRIE,
    Petitioner,

vs.                              Case No. 5:10cv227/RS/CJK

COL. JAMES W. GRAY, et al.,
    Respondents.

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's amended petition for writ of habeas corpus (doc. 7), filed pursuant to 28 U.S.C. § 2241, and the government's response (doc. 14). Petitioner did not submit a reply to the government's response. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636, and NORTHERN DISTRICT OF FLORIDA LOCAL RULE 72.2(B). After careful consideration, the undersigned concludes that the petition for writ of habeas corpus should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, James Guthrie ("Guthrie"), a detainee confined at the Federal Correctional Institution in Marianna, Florida, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that he was "denied access to review for clemency pursuant to both 10 USC § 874 and Navy Regulations." (Doc. 7, p. 2).

Guthrie also claims that he was "denied the right to redress grievances under Article 138, [Uniform Code of Military Justice]; (10 USC § 938)." (Doc. 7, p. 3). As relief, petitioner requests a writ of habeas corpus be issued directing that he "be released from custody for the denial of his rights to equal protection & due process and the right to redress grievances." (Doc. 7, p. 5).

The pertinent procedural history of this case, which is gleaned from the petition, petitioner's memorandum of law (doc. 8), and the government's response, begins on September 17, 1993, when a U.S. Marine Corps General Court-Martial convicted petitioner of three specifications of rape, burglary, and adultery, as well as one specification of disorderliness. (Doc. 14, p. 2). Petitioner was sentenced to confinement for life, forfeiture of all pay and allowances, reduction to pay grade E-1, and was dishonorably discharged from service. (Doc. 14, p. 2); *see also United States v. Guthrie*, No. NMCM 95 01697, 1998 WL 918627, at *1 (N-M. Ct. Crim. App. Dec. 21, 1998). Petitioner's sentence was affirmed on appeal. *See Guthrie*, 1998 WL 918627, at *1. Petitioner was initially confined at United States Disciplinary Barracks ("USDB") in Ft. Leavenworth, Kansas. (Doc. 14, p. 2). Plaintiff was transferred into the custody of Federal Bureau of Prisons' ("BOP") and imprisoned at the Federal Correctional Institution Marianna ("FCI Marianna"). (Doc. 14, p. 2).

## DISCUSSION

Petitioner's claims–that he was denied access to review for clemency–do not implicate constitutional rights. Prisoners have no constitutional or fundamental right to clemency. *See Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ("There is *no constitutional or inherent right* of a convicted person to be conditionally released before the expiration of a valid sentence . . . . Unlike probation,

pardon and commutation decisions have not traditionally been the business of the courts; as such, they are rarely, if ever, appropriate subjects for judicial review." (*quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979))) (emphasis in original); *see also Valle v. Sec'y, Fla. Dept. of Corr.*, 654 F.3d 1266, 1268 (11th Cir. 2011) ("Clemency is granted as 'a matter of grace.'" (*quoting Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280–81 (1998))); *Woratzeck v. Stewart*, 118 F.3d 648, 653 (9th Cir. 1997) ("There is no constitutional right to a clemency hearing." (*citing Dumschat*, 452 U.S. at 464)). Moreover, petitioner cannot obtain relief under a section 2241 petition absent a constitutional violation. *See Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) ("It is the petitioner's burden to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation.") (citations omitted). Accordingly, the petition does not set up a claim for which habeas relief may be granted. Nevertheless, the court will, to the extent possible, address petitioner's claims.

*Petitioner's Right to Clemency under 10 U.S.C. § 874 and Navy Regulations*

Petitioner requests that he be provided with "the means to petition for clemency to his convening authority & to the Secretary of the Navy ("Secretary"), separate from and in addition to his annual clemency review by the Naval Clemency and Parole Board." (Doc. 7, p. 2). The Secretary is responsible, under 10 U.S.C. § 953, for establishing a system addressing remission or suspension of an unexecuted portion of an offender's sentence:

> For offenders who were at the time of commission of their offenses subject to his authority and who merit such action, the Secretary concerned shall establish–
>
> (1) a system for the remission or suspension of the unexecuted part of

the sentences of selected offenders;

(2) a system for the restoration to duty of such offenders who have had the unexecuted part of their sentences remitted or suspended and who have not been discharged; and

(3) a system for the enlistment of such offenders who have had the unexecuted part of their sentences remitted and who have been discharged.

10 U.S.C. § 953. The Secretary of the Navy has provided instructions[1] (doc. 14-2, p. 2) establishing mandatory clemency review. The Naval Clemency and Parole Board ("NCPB") is the Navy's traditional means of clemency review. The Secretary's instructions mandate clemency review by the NCPB of all cases (excluding death penalty) that involve offenders whose court-martial sentences "include 12 months or more confinement." (Doc. 14-2, p. 2). The NCPB has denied petitioner's requests for clemency on multiple occasions. (Doc. 14-2, pp. 4-19).

In addition to the NCPB, 10 U.S.C. § 874 allows for the Secretary of the Navy to directly remit or suspend any part or amount of an uncompleted sentence:

(a) The Secretary concerned and, when designated by him, any Under Secretary, Assistant Secretary, Judge Advocate General, or commanding officer may remit or suspend any part or amount of the unexecuted part of any sentence, including all uncollected forfeitures other than a sentence approved by the President.

10 U.S.C. § 874(a). Lieutenant Colonel John A. Hughey, Command Judge Advocate for the USDB, Fort Leavenworth, Kansas, submitted a sworn declaration in which he confirmed that petitioner did submit a clemency request under section 874 to the

---

[1] The court cannot access the Secretary's promulgated instructions through Westlaw. The court accepts respondent's submission of the relevant rules as a truthful and complete submission to the court.

USDB Commandant–petitioners "de facto general court-martial convening authority after discharge"–around October 2010. (Doc. 14-1, p. 17). The USDB Commandant, after reviewing petitioners clemency request, "determined that he would defer to the judgment of the [NCPB] at its next scheduled annual clemency review of [petitioner's] case." (Doc. 14-1, p. 17). Judge Advocate Hughey also declared that USDB has no record of petitioner seeking assistance in submitting a clemency request directly to the Secretary or convening authority.[2] (Doc. 14-1, p. 17).

As for plaintiff's request for clemency review by "his convening authority," such review is not authorized. For thoroughness purposes, the court will assume petitioner is not referencing his defacto post-discharge convening authority–the USDB Commandant–and is instead intends to reference the military court that issued his sentence. Petitioner's argument, however, would still be futile.

Following appellate review, the conclusions of the convening authority (court) are final:

> The appellate review of records of trial provided by this chapter, the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter, and all dismissals and discharges carried into execution under sentences by courts-martial following approval, review, or affirmation as required by this chapter, *are final and conclusive*. Orders publishing the proceedings of courts-martial and all action taken pursuant to those proceedings are binding upon all departments, courts, agencies, and officers of the United States, subject only to action upon a petition for a new trial as provided in section 873 of this title (article 73) and to action by the Secretary concerned as provided in section 874 of this title (article 74) and the authority of the President.

---

[2] Petitioner did submit a clemency request to his convening authority, but this was presumably accomplished without the assistance of USDB.

10 U.S.C. § 876 (emphasis added). Petitioner has not plead any facts or law demonstrating that the convening authority is authorized to conduct clemency proceedings, or that petitioner's case would be eligible for such review. Nevertheless, the court again notes that plaintiff did submit a clemency request to his defacto convening authority (USDB Commandant) and was referred to the NCPB's clemency review process.

Sections 874 and 953 task the Secretary with the authority of clemency review. The Secretary has, in turn, established a process for clemency review under which NCPB is tasked with conducting such review. Petitioner's case has undergone clemency review by NCPB on a frequent basis over the past decade. (Doc. 14-2, pp. 4-19). For the foregoing reasons, petitioner's first claim fails.

*Petitioner's Right to Redress under Article 138 (10 U.S.C. § 938)*

Petitioner claims that he was denied the right to redress grievances under Article 138 (10 U.S.C. § 938). (Doc. 7, p. 3). In support of this claim, petitioner states that he contacted a "Judge Advocate at Camp Lejeune, [North Carolina] and forwarded his "Complaint of Wrongs" under Article 138, [Uniform Code of Military Justice]." (Doc. 7, p. 3). Plaintiff contends that his request "was not acted upon in any way and denied Petitioner the right to redress grievances." (Doc. 7, p. 3).

Petitioner is not entitled to file an Article 138 claim after being discharged from the military. Article 138 is a form of redress created specifically for members of the armed forces:

> *Any member of the armed forces* who believes himself wronged by his commanding officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer, who shall forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made. The officer exercising general court-martial jurisdiction shall examine into

the complaint and take proper measures for redressing the wrong complained of; and he shall, as soon as possible, send to the Secretary concerned a true statement of that complaint, with the proceedings had thereon.

10 U.S.C. § 938 (emphasis added); *see also Stanley v. United States*, 786 F.2d 1490, 1496 (11th Cir. 1986) ("Article 138 is not available to veterans."), *rev'd on other grounds*, 483 U.S. 669 (1987). As a result of petitioner's conduct discussed herein, petitioner was dishonorably discharged from the armed forces on February 15, 2001.[3] (Doc. 14-2, p. 21). Accordingly, petitioner is not able seek redress through an Article 138 claim following his discharge. Petitioner has also not alleged that he brought an Article 138 claim prior to his discharge. Moreover, Judge Advocate Hughey has declared that, after "research[ing] the records of the USDB," he found no evidence that petitioner submitted a complaint under Article 138. (Doc. 14-1, p. 16). Petitioner, therefore, does not have a right to redress under Article 138 and his second claim fails.[4]

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 7) be DISMISSED with prejudice.

2. That the Clerk be directed to close the file.

---

[3] Petitioner's certificate of release or discharge from active duty (doc. 14-2, p. 21), does not specifically indicate the date petitioner was discharged. The certificate does, however, indicate the dates of time lost prior to discharge, which ends at February 15, 2001. Respondent has also stated that February 15, 2001 is petitioner's discharge date. (Doc. 14, p. 6).

[4] Judge Advocate Hughey also posits that even if petitioner submitted an Article 138 complaint to the USDB, the complaint would be moot because an Article 138 complaint must be filed with the inmate's chain of command, which is the local Marine Corps detachment and not the USDB. (Doc. 14-1, p. 16). The context of the claim here suggests petitioner wants to further challenge his conviction and confinement by way of the Article 138 complaint. Such would not be appropriate in any event.

At Pensacola, Florida, this 19th day of March, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).